# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| ROYLAND KICKLIGHTER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV607-043 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Movant Kicklighter seeks an order directing the United States Marshal to serve a subpoena compelling the attendance of his former trial attorney at the 28 U.S.C. § 2255 evidentiary hearing scheduled for December 17, 2008.

There is no formal subpoena process within the Rules Governing Section 2255 Proceedings. However, Rule 12 of those rules establishes that the Federal Rules of Criminal Procedure may be applied to § 2255 proceedings "to the extent that they are not inconsistent with any statutory provisions or [those] rules."

Pursuant to Federal Rule of Criminal Procedure 17(b), the Court must subpoena witnesses on behalf of an indigent defendant "upon a satisfactory showing . . . that the presence of the witness is necessary to an adequate defense." Thus, "'a defendant making a Rule 17(b) request bears the burden of articulating *specific facts* that show the relevancy and necessity of the requested witness's testimony.'" United States v. Link, 921 F.2d 1523, 1528 (11th Cir. 1991) (emphasis added) (quoting United States v. Rinchack, 820 F.2d 1557 (11th Cir. 1987)). Absent a showing by the defendant that the prospective witness' testimony is relevant and material to an issue in the case, that it is noncumulative, and that it is "necessary to an adequate defense," the defendant has no right to the issuance of a subpoena under Rule 17(b). "'The grant or denial of a Rule 17(b) motion is committed to the discretion of the district court and is subject to reversal on appeal only upon a showing of abuse of that discretion.'" Link, 921 F.2d at 1528 (quoting Rinchack, 820 F.2d at 1566).

Here, the focus of the hearing will be whether movant is entitled to equitable tolling of the § 2255 statute of limitations

because of misconduct by his attorney, or whether his motion was timely under 28 U.S.C. § 2255(f)(4). As factual findings must be made regarding Pittman's actions during his service as trial and appellate counsel for movant, the Court finds Pittman's testimony to be relevant and material, noncumulative, and necessary to movant's adequate defense.

The Court hereby **DIRECTS** that a subpoena be issued for David Pittman commanding his appearance at the hearing on December 17, 2008. The costs incurred by the process and the fees of the witnesses so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government.

**SO ORDERED** this  3rd  day of December, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**